UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                              )
**TEA PARTY LEADERSHIP FUND,** )
**et al.**,                   )
                              )
          Plaintiffs,         )
                              )
     v.                       )   Civil Action No. 12-1707 (RWR)
                              )
**FEDERAL ELECTION COMMISSION,** )
                              )
          Defendant.          )
_____)

## MEMORANDUM ORDER

On October 18, 2012, the Tea Party Leadership Fund, an organization that registered with the Federal Election Commission ("FEC") as a political committee on May 9, 2012, Sean Bielat, a 2012 candidate for the United States House of Representatives from Massachusetts's 4th Congressional district, and John Raese, a 2012 candidate for the United States Senate from West Virginia, brought suit against the FEC alleging that the requirement under the Federal Election Campaign Act of 1971, 2 U.S.C. § 441a(a)(4), that a newly registered political committee wait six months before it can contribute $5,000 per candidate instead of only $2,500 per candidate violates the First Amendment of the U.S. Constitution.  The plaintiffs also filed a motion for a preliminary injunction to enjoin the FEC from enforcing 2 U.S.C. § 441a(a) against the Tea Party Leadership Fund to allow the

political committee to contribute $5,000 per candidate before the November 6, 2012 general election.

On October 22, 2012, the parties were ordered to show cause why the hearing on the motion for a preliminary injunction should not be consolidated with a hearing on the merits under Federal Rule of Civil Procedure 65(a)(2).  Rule 65 provides that "[b]efore . . . the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."  Fed. R. Civ. P. 65(a)(2).  This procedural device is designed to conserve judicial resources and avoid duplicative proceedings.  NOW v. Operation Rescue, 747 F. Supp. 760, 768 (D.D.C. 1990), modified, 816 F. Supp. 729 (D.D.C. 1993).  If the hearings are consolidated, then the trial on the merits is accelerated given the exigency of the preliminary injunction.  But a court's "power [to consolidate hearings] must be tempered by the due process principle that fair notice and an opportunity to be heard must be given the litigants before the disposition of a case on the merits."  11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2950 (2d ed. 1995).

The plaintiffs oppose consolidating the hearings.  They argue that consolidation "would leave insufficient time" between the deadline for filing dispositive motions and the general election on November 6 "to grant adequate relief to Plaintiffs."

- 3 -

Pls.' Resp. to Order to Show Cause at 2.  The plaintiffs urge that time is of the essence because "[i]f this Court does not make a preliminary ruling on plaintiffs' claims by November 5, the opportunity to support [Mr. Bielat, Mr. Raese, and other candidates], and the ability of these candidates to deploy that support, will be lost."  Id. at 1–2.  The FEC supports consolidation because it would promote judicial efficiency.  Def. FEC's Resp. to Ct.'s Order to Show Cause at 2.  The FEC also notes that the plaintiffs "waited more than *five months* to seek judicial relief, which they could have sought as early as May 2012" -- when the Tea Party Leadership Fund registered with the FEC as a political committee -- and filed the instant action just nineteen days before the general election.  Id. at 1 (emphasis in original).  The FEC argues that "[g]iven plaintiffs' unjustified delay in filing suit, it is highly unlikely that plaintiffs would receive meaningful preliminary relief within their desired timeframe."  Id. at 2.

    The plaintiffs' delay in filing their motion suggests that they could not realistically have expected relief during this election cycle.  Cf. Gordon v. Holder, 632 F.3d 722, 724-25 (D.C. Cir. 2011) ("[U]ntimely filings may support a conclusion that the plaintiff cannot satisfy the irreparable harm prong.")  The local civil rules do not even contemplate that a hearing on a motion for a preliminary injunction need occur sooner than 21 days after

- 4 -

the motion is filed.  LCvR 65.1(d).[1]  Since the plaintiffs filed their motion for preliminary injunction on October 18, 2012, a hearing could have been held as late as November 8, 2012.  Given that consolidation is in the interests of judicial economy, the hearing on the plaintiffs' motion for a preliminary injunction will be consolidated with a hearing on the merits, and the FEC's proposed briefing schedule will be adopted.  Accordingly, it is hereby

ORDERED that the plaintiffs' motion [1] for a preliminary injunction be, and hereby is, CONSOLIDATED with a hearing on the merits under Rule 65(a)(2).  It is further

ORDERED that this case shall proceed with the following deadlines, supplanting the current schedule to complete briefing on the pending motion for a preliminary injunction:

| | |
|---|---|
| Plaintiffs' summary judgment motion | January 11, 2013 |
| Defendant's opposition and cross-motion | February 15, 2013 |
| Plaintiffs' reply and opposition | March 8, 2013 |
| Defendant's reply | March 29, 2013 |

SIGNED this 2nd day of November, 2012.

                                                 /s/
                                          RICHARD W. ROBERTS
                                          United States District Judge

---

[1] "[A] hearing on an application for preliminary injunction shall be set by the court no later than 21 days after its filing, unless the court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties."  LCvR 65.1(d).